IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 12, 2003 Session

## STATE OF TENNESSEE v. CARVIN LAMONT THOMAS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-D-2269    Steve Dozier, Judge**

---

**No. M2002-01716-CCA-R3-CD - Filed May 28, 2003**

---

JOSEPH M. TIPTON, J., dissenting.

I respectfully dissent from the majority opinion's conclusions that State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), is not implicated and that the especially aggravated kidnapping conviction withstands an Anthony analysis.  I believe that the aggravated kidnapping conviction should be dismissed.

Initially, I note that I believe an aggravated robbery by which several people are held at gunpoint while one person is made to turn over money to the robber may well reflect aggravated assaults committed against the people being held.  However, I believe Anthony prohibits any kidnapping offenses under the same circumstances.

In Anthony, the defendant and an accomplice robbed a Shoney's Restaurant.  At gunpoint, three employees outside the building were made to lie on the ground, and the accomplice detained them while the defendant entered the restaurant.  Inside, the defendant met the manager in the front area and ordered him to go to the office.  On the way, the defendant saw another employee whom he grabbed and, with the gun to her head, forced to go to the office.  When the manager told the defendant that the safe was in the front of the restaurant, the two of them went to the safe, where the defendant took money.  While leaving, the defendant saw another employee leaving the restroom and, at gunpoint, forced him back into the restroom.  The supreme court rejected aggravated kidnapping convictions based upon the defendant's actions with each of the employees.  In doing so, the court stated:

> The test is not whether the detention was an "integral part or essential
> element" of the robbery, but whether it was "essentially incidental"
> to that offense.  We conclude that the activity in question here was
> incidental.

There is no significant difference between what happened to the employees who were inside the building and those who were not. The only distinguishing factor is their location at the time of the robbery. Indeed, had [the three employees] been standing just inside the back door, rather than a few feet outside it, there would be no question that their detention was essentially incidental to the robbery.

We conclude that geography alone should not control the outcome in this case. Nothing that occurred in connection with the detention of [the three employees] was sufficiently significant, in and of itself, to warrant separate convictions for their kidnapping. These three employees were held only briefly; they were not harmed in any way; nor were they forced to move to a different location where additional harm might have befallen them. They were not, in short, subjected to any "substantially increased risk of harm over and above that necessarily present in the crime of robbery itself."

817 S.W.2d at 307.

In the present case, the victim of the especially aggravated kidnapping, William Swift, was asleep on the couch and was made to lie on the floor at gunpoint. The defendant then went to Mr. Roundtree's bedroom to commit the robbery. Given the locations of the employees in Anthony and given what they were required to do, I fail to see any relevant distinction between them and Mr. Swift. I would vacate the defendant's conviction for especially aggravated kidnapping.

 

_____
JOSEPH M. TIPTON, JUDGE